Curtis **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–489–CR.

Court of Appeals of Texas, Corpus Christi.

June 25, 1987.

David Neipert, Corpus Christi, for appellant.

Grant Jones, Dist. Atty.'s Office, Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury convicted appellant of aggravated sexual assault and the trial court sentenced him to twenty years' imprisonment. We affirm.

By one point of error, appellant asserts that there was insufficient evidence that appellant used a "deadly" weapon in the commission of the offense. Appellant argues that the State failed to prove that the size, shape and sharpness of the knife used rendered it capable of causing serious bodily injury or death.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

It is well-established that a knife is not a deadly weapon per se. *Brown v. State,* 651 S.W.2d 782 (Tex.Crim.App.1983). If the knife is not actually used to cause death or serious bodily injury, in order to support the finding that the offense was aggravated by the display of the knife, the State must prove that the knife is a deadly weapon; i.e., that the knife, in the manner of its use or intended use, is capable of causing death or serious bodily injury. Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1979). In determining the deadliness of the weapon, the jury may consider not only the knife's size, shape, sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury, but all the facts of the case, including the proximity of the assailant to the victim and threats and gestures made by the assailant. *Tisdale v. State,* 686 S.W.2d 110, 115 (Tex.Crim.App.1984); *Blain v. State,* 647 S.W.2d 293, 294 (Tex.Crim.App. 1983); *Davidson v. State,* 602 S.W.2d 272 (Tex.Crim.App.1980); *Williams v. State,* 575 S.W.2d 30, 32 (Tex.Crim.App.1979). The State is not required to prove the deadliness of the weapon through expert testimony, *Denham v. State,* 574 S.W.2d 129 (Tex.Crim.App.1978), nor must the State elicit testimony to the *conclusion* that the weapon was capable of producing serious bodily injury. *Williams,* 575 S.W.2d at 32.

■ The victim in this case, a twenty-nine year old female, testified that, on November 18, 1985, at approximately 4:40 a.m., she was asleep in her bedroom. She was awakened by a man who grabbed her face, put a knife to her side and told her not to move or scream or else he would kill her. She stated that the knife felt like a sharp object pressing very firmly against her side. The way it felt, she knew that it was a knife. At that point she was in fear of death or possible serious injury. "The way he had me and then the knife was firmly pressed against my rib and when he told me not to move or not to scream or he would kill me, I feared death right away." The victim further testified that after appellant told her not to move or not to scream or he would kill her, "I couldn't breathe because he had my face and nose pressing very firmly and I could not breathe and I kept on pointing ... he told me again not to move, not to do anything and I didn't and he eased up his grip."

The victim stated that as appellant started to undress himself she asked him to close the door because she feared that he would harm her children, who were asleep across the hall. She did not run or scream when he went to close the door because "[h]e had the knife in his hand and I was fearful for my children if I were to scream and what would happen if they were to get up and run into the room and see this man with a knife in his hand and I was in total shock at that time that I couldn't do anything." While sexually assaulting the victim, appellant dropped the knife on the floor beside her bed. After he left her home, she called the police. She left the knife on the floor of her bedroom where her assailant had dropped it. The identity of appellant as the assailant is not questioned on appeal.

Corpus Christi Police Department identification technician Normie Rohrer and Police Officer Daniel Pacheco identified the weapon as a "butter knife." The knife was introduced into evidence.

The knife is approximately nine inches long, with a four-inch blade, two-inch seration, and a rounded tip. The knife could objectively be described as one used by a diner, along with a fork and spoon, to eat a meal. This particular knife could also be described as sturdy.

In his brief, appellant asserts that the size, shape, and sharpness of the knife are "that of a weapon more suited to causing serious injury to a stick of butter than a human body."

Appellant relies solely on *Blain v. State*, 647 S.W.2d 293 (Tex.Crim.App.1983), wherein the knife exhibited in the robbery of a convenience store was not introduced into evidence and there was no testimony establishing the size of the blade, its sharpness, "brandishing motions," or fear of serious bodily injury or death. The store clerk testified only that the knife was "something like a kitchen knife," approximately six inches long, with a point. The Court of Criminal Appeals held the evidence was insufficient to find the knife exhibited in *Blain* was a deadly weapon.

Here, the knife was introduced into evidence. The jury had the opportunity to observe the witnesses, see the knife and listen to the description of its use. Appellant was in direct contact with the victim, and the threats and gestures made by appellant caused the victim to fear serious bodily injury or death.

The Court of Criminal Appeals, in *English v. State*, 647 S.W.2d 667, 669 (Tex. Crim.App.1983) emphasized that each case must be examined on its own facts to determine whether the manner of the weapon's use or intended use was such as to allow the jury to infer that the weapon was deadly.

In *Tisdale*, the appellant entered a convenience store and proceeded to the counter. As the clerk opened the cash register, the appellant put his hand over the cash tray. The clerk grabbed his hand and said "No"; the appellant said "yes" and displayed a knife in his right hand. The store clerk stepped back while the appellant removed the money from the register and fled the store. The knife was recovered and introduced into evidence at trial. The knife was shown to have a two and one-fourth inch blade length with the tip broken off. The store clerk testified that she had felt threatened and feared imminent bodily

harm and death. The close proximity of the parties, coupled with the appellant's intent to use the knife led the court to hold that, "[w]hen a suspect acts in a way that shows his purpose is to convey to his victim that he will thwart resistance to a taking by using the knife to harm the person of the victim, he *intends* for the victim to believe that the knife [is] capable of producing serious bodily injury or death to obtain the money, [citation omitted] and the factfinder is warranted in concluding that the knife is capable of causing death or serious bodily injury." *Id.* at 117. Emphasis in original.

The knife used by appellant in this case was designed to be used benignly. Appellant, however, transformed the innocent character of this instrument into a deadly weapon when he pressed it against the victim's body and explicitly threatened death.

Since virtually any instrument is objectively capable of somehow producing death or serious bodily injury, the use or intended use of the instrument by the actor is key in determining whether the instrument is a deadly weapon in a specific case. Therefore, the objective nature of the instument is not determinative, but must be viewed as a factor with the proximity of the victim, the threats, and the exhibition of the weapon.

We are not called on to determine whether the knife used by the appellant is a deadly weapon; rather, we must decide whether any rational trier of fact could have so found from all of the evidence. A rational finder of fact in weighing the evidence could have found the knife used by appellant was capable of inflicting death or serious bodily injury by the manner of its use and threatened use. Thus, there was sufficient evidence for the jury to find the knife used by appellant was a deadly weapon. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.