Herbert Gray RUSSELL, Appellant,

v.

STATE of Texas, State.

No. 2–90–012–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 6, 1991.
Rehearing Overruled March 13, 1991.

John C. Beatty, Zachry, Hill, Beatty, Butcher, and Gallagher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, V. Paul Dickson, John M. Harding, Mary C. Merchant, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Herbert Gray Russell, appeals from a conviction by the jury of aggravated robbery with a deadly weapon. *See* TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1991). Punishment was assessed by the jury at twelve years confinement in the Texas Department of Corrections.[1]

We affirm.

Appellant brings the five following points of error on this appeal: (1) the trial court erred in refusing appellant's requested charge on the lesser-included offense of robbery by threats because a knife is not a deadly weapon per se; (2) the trial court's refusal of appellant's requested charge on the lesser-included offense of robbery by threats, which was raised by appellant's confession, was error; (3) the conviction is invalid because the evidence is insufficient to support the finding that the knife appellant exhibited was a deadly weapon; (4) the trial court committed error when it denied appellant's motion to quash the jury under the authority of *Batson v. Kentucky;* and (5) this conviction is invalid because appel-

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

lant did not have the benefit of effective assistance of counsel.

On the evening of May 6, 1988, appellant entered the Stop and Save convenience store located at 2801 South Hemphill in Fort Worth, Texas. Appellant approached Peggy Lopez, who was working behind the store counter. He placed a knife at her back and ordered her to "Give me the money." Appellant took the money from the cash register. Appellant took a handgun that he found under the counter. He cocked it and pointed it at Mary Rodriquez, who was also working in the store that night. Appellant then ran from the store carrying both the gun and the money.

Appellant's first two points of error allege that the trial court erred when it denied his requested charge on a lesser-included offense of robbery by threats because a knife is not a deadly weapon per se and appellant's confession raised such an issue.

When determining whether a jury must be instructed concerning a lesser-included offense, a two-step analysis must be applied. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (opinion on reh'g). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. *Id.* Second, there must be some evidence in the record showing that if the defendant is guilty, he is only guilty of the lesser offense. *Id.; see also Moreno v. State*, 702 S.W.2d 636, 640 (Tex.Crim.App.1986).

Appellant has satisfied the first requirement set out by *Royster* because robbery is a lesser-included offense of aggravated robbery. *Ex parte Walton*, 626 S.W.2d 528, 530 (Tex.Crim.App.1981) (en banc). However, appellant failed to meet the second requirement since there must be some evidence that if appellant is guilty, he is only guilty of the lesser offense.

Appellant argues that the knife he used during the robbery was not a deadly weapon per se. However, appellant did not present evidence to show that the knife was not a deadly weapon. In contrast, the State put on testimony to show that the knife had a blade which was approximately a foot-long and was serrated with two points at the tip. Appellant contends that the trial court declined the prosecutor's request that the record reflect that Lopez visually indicated the length of the knife to be "about a foot." However, while the court's response to this request seems vague, it does not appear to amount to a refusal of this request. If appellant wished to seize upon this point for appellate review, he should have made certain that the court clearly stated its ruling in order to present a clear record for appeal. Lopez testified that she could feel this knife pressed against her back and complied with appellant's demands out of fear for her life. Because the evidence was sufficient to show the knife used in the robbery was a deadly weapon, the court was not required to give the charge on the lesser-included offense of robbery. *Rodgers v. State*, 744 S.W.2d 281, 283 (Tex.App. —Fort Worth 1987, pet. ref'd).

Appellant further argues that the charge he requested should have been given to the jury because in the course of his confession, which was read to the jury, he did not deny or admit to using a knife.

If there is evidence from any source which raises an issue of a lesser-included offense, then the charge on that issue must be submitted to the jury if properly requested. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Crim.App. [Panel Op.] 1979). The fact that appellant did not mention the use of a knife in the face of overwhelming evidence that he did use a knife, does not constitute evidence showing that a knife was not used. As explained above, the evidence showed that a knife was used and that knife was a deadly weapon. Since there was no evidence to show that if appellant was guilty, he was guilty only of the lesser offense, the court properly denied appellant's request for a charge on robbery by threats. *Royster*, 622 S.W.2d at 446.

Appellant's first two points of error are overruled.

Appellant's third point of error argues that his conviction is invalid because there

is insufficient evidence to support the finding that the knife appellant exhibited was a deadly weapon.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ A knife is not a deadly weapon per se. *Brown v. State*, 651 S.W.2d 782 (Tex.Crim.App.1983). If the knife was not used to cause death or serious bodily injury, the State must prove that the use of the knife or its intended use was capable of causing serious bodily injury or death in order to support a conviction for aggravated robbery. *Williams v. State*, 732 S.W.2d 777, 778 (Tex.App.—Corpus Christi 1987, no pet.). In determining the deadliness of the knife, the jury may consider not only the knife's size, shape, sharpness, the manner of its use and intended use, and its capacity to produce death or serious bodily injury, but all the facts of the case, including the proximity of the assailant. *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex.Crim. App.1984); *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983). Expert testimony is not required to show the deadliness of a knife, lay testimony is sufficient. *Williams*, 732 S.W.2d at 778.

■ In the instant case, appellant placed a knife identified by one eyewitness, Rodriquez, as having a foot-long blade, at the back of Lopez, the victim. Appellant demanded that Lopez give him all the money in the store's cash register and Lopez testified that she complied with appellant's demands out of fear for her life. Detective Bobby Pate testified that based upon Rodriquez's description of the knife and his experiences as a police officer with knife killings or injuries, he believed the knife used by appellant was a deadly weapon capable of inflicting serious injury. Such evidence is clearly sufficient to show the knife used by appellant during the robbery was a deadly weapon which was used in a threatening manner. Appellant's third point of error is overruled.

In his fourth point of error, appellant complains that the trial court erred in denying appellant's motion to quash the jury under the authority of *Batson v. Kentucky*.

■ Specifically, appellant contends that the State impermissibly used its strikes to exclude a black venireman from the jury. This contention stems from the State's use of only six of its ten peremptory challenges which caused a black member of the venire to be totally outside the range of possible jury service.

There was a forty-two-person venire in the instant case, among which were five blacks. One black was selected for the jury. Two were excused for cause and the remaining two blacks were beyond the range of selection due to their numerical position.

Prior to the swearing of the jury, appellant requested the court to dismiss the jury and call a new array under TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989) and *Batson*. Appellant complained that the State used its peremptory challenges in such a way as to prevent a black venireman from being on the jury.

There has not been any showing that the State exercised its peremptory challenges

in a racially discriminatory manner. There is no requirement under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) or TEX.CODE CRIM. PROC.ANN. art. 35.261 that the State furnish explanations for the nonuse of peremptory challenges. Appellant's fourth point of error is overruled.

Appellant's fifth point of error states that appellant's conviction is invalid because appellant did not have the benefit of effective assistance of counsel.

 The adequacy of an attorney's representation of a client is gauged by the totality of representation given to the accused and this standard does not require errorless counsel or counsel whose competency is to be judged by hindsight. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987); *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App. [Panel Op.] 1981). This standard requires counsel reasonably likely to provide effective assistance of counsel. *Cruz*, 739 S.W.2d at 58.

The fact that another attorney might have tried a case differently does not establish ineffective assistance of counsel. *Mercado*, 615 S.W.2d at 228. Judicial scrutiny of a counselor's performance must be highly deferential. *Wilson v. State*, 730 S.W.2d 438, 443 (Tex.App.—Fort Worth 1987, pet. ref'd).

A defendant bears the burden of showing that his attorney's representation of him was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* Further, appellant must show that he was harmed by an act or omission of counsel. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986).

Viewing the record as a whole, counsel took all the reasonable steps necessary to properly defend appellant. Appellant has failed to show that his counsel's actions fell below an objective standard of reasonableness. Counsel's decision not to request probation may have been trial strategy. The record is insufficient in order to determine the defense counsel's strategy for not requesting probation. Further, appellant has failed to show that the outcome of the trial would have been different if his counsel had filed an application for probation.

Viewing the record as a whole, appellant received effective assistance of counsel. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.