**Jose Luis MATA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–053–CR.**

Court of Appeals of Texas, Corpus Christi.

April 22, 1993.

E. Dale Robertson, Brownsville, for appellant.

Luis V. Saenz, John A. Olson, County (Crim. Dist.) Attys., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

The trial court found appellant, Jose Luis Mata, guilty of aggravated assault and assessed punishment at two years in prison. By a single point of error, he attacks the sufficiency of the evidence to prove that the knife, in the manner of its use and intended use, was capable of causing serious bodily injury. We affirm.

The State's evidence showed that in August 1991, 63–year–old Odilon Vargas went for his daily walk in Brownsville. While walking on the river levee, he passed by appellant who asked him for a cigarette. Vargas refused to give him one, and appellant took a knife from his pocket. Vargas stood six or seven feet away from appellant, but appellant came after him with the knife, wanting to take his wallet. To avoid being stabbed, Vargas had to step backward. He fell and informed appellant that he was going to call the police. Still holding the knife, appellant warned Vargas that when he got out of jail, he would kill him. Undaunted, Vargas called the police.

Vargas testified that appellant's knife had a three and one-half inch blade and that he was in fear of serious bodily injury when appellant threatened him with it.

Officer Vasquez saw appellant on top of the levee and arrested him. Vasquez testified that appellant did not have a knife when he was arrested.

Appellant's testimony was that Vargas had made an obscene comment about his mother. When appellant asked Vargas why he made the comment, Vargas took a knife from his pocket. Appellant jumped back and took a nail clipper from his pocket. Vargas allegedly cut appellant on the left forearm. Appellant stated that he was not carrying a knife and that he never asked Vargas for money.

■ By his sole point of error, appellant attacks the sufficiency of the evidence to prove that the knife, in the manner of its use and intended use, was capable of causing serious bodily injury. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We must take each case and review all the evidence to determine whether the State has proven beyond a reasonable doubt every element of the alleged crime and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239.

■ A knife is not a deadly weapon *per se*. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983); *Villarreal v. State*, 809 S.W.2d 295, 297 (Tex.App.—Corpus Christi 1991, pet. ref'd). If the knife is not actually used to cause death or serious bodily injury, in order to support the finding that the offense was aggravated by the display of the knife, the State must prove that the knife is a deadly weapon; *i.e.*, that the knife, in the manner of its use or intended use, is capable of causing death or serious bodily injury. *Williams v. State*, 732 S.W.2d 777, 778 (Tex.App.—Corpus Christi 1987, no pet.). *See Moreno v. State*, 755 S.W.2d 866, 869 (Tex.Crim.App.

1988) (knife may qualify as deadly weapon through manner of intended use). To determine the deadliness of the weapon, the fact finder may consider not only the knife's size, shape, sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury, but all the facts of the case, including the proximity of the assailant to the victim and the assailant's threats and gestures. *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex. Crim.App.1984); *Williams*, 732 S.W.2d at 778.

In this case, the indictment allowed the trial court to convict appellant if it found that he intentionally and knowingly threatened Odilon Vargas with imminent bodily injury by using a deadly weapon, to wit, a knife, that in the manner of its use and intended use was capable of causing serious bodily injury. The evidence showed that appellant came after Vargas using a knife with a three and one-half inch blade. Vargas had to step back to avoid being stabbed, and he was in fear of serious bodily injury when appellant threatened him with the knife. Considering the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could conclude that the knife was a deadly weapon capable of causing serious bodily injury. We overrule appellant's sole point of error.

The trial court's judgment is AFFIRMED.