COSSEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-032-CR

GEORGE WAYNE COSSEY APPELLANT

A/K/A JACKIE LEE SCOTT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant George Wayne Cossey a/k/a Jackie Lee Scott appeals his conviction and twenty-five year sentence for aggravated assault with a deadly weapon.  In two issues, appellant argues that the evidence was legally and factually insufficient to establish that the weapon was deadly.  We affirm.

II.  Background Facts

 On February 8, 2004, appellant entered David Trevino and Eva Elhassan’s vacant house when they were showing it to a potential buyer.  While Trevino was upstairs showing the house, Elhassan stayed downstairs.  After walking into the kitchen, Elhassan saw appellant standing in the doorway between the laundry room and the kitchen, and when she screamed, appellant ran out the back door.

Upon hearing Elhassan’s screams, Trevino ran downstairs, and Elhassan told him that someone, whom she later identified as appellant, was in the house and that he had run out the back door.  Trevino ran into the back yard in an attempt to find appellant, and while he was outside, the potential buyer, who remained upstairs, banged on the window and began pointing in the direction that appellant was running.  Trevino began to run in that same direction.  After Trevino took off on foot chasing appellant, Elhassan got into her SUV and began following Trevino.

After Elhassan reached Trevino, Trevino got into the driver’s side of the SUV and began driving down the street.  When Trevino and Elhassan drove past appellant, who was walking on the sidewalk, Elhassan did not recognize him because Trevino was driving too fast.  However, after they reached the end of the street, Trevino made a u-turn and began driving back in the opposite direction.  Elhassan recognized appellant after Trevino pulled up next to him.  Trevino pulled over and got out of the truck and confronted appellant while Elhassan called the police.

During the confrontation, appellant pulled a pocketknife from his back pocket and told Trevino, “I will stick you.”  However, approximately thirty to forty-five seconds after appellant removed the pocketknife, Officer B.D. Wheeler, a Fort Worth police officer, arrived at the scene and arrested appellant.

The jury found appellant guilty of aggravated assault with a deadly weapon, and after appellant pled true to the habitual offender notice, the trial court assessed his punishment at twenty-five years in the Institutional Division of the Texas Department of Criminal Justice.

III.  Legal and Factual Sufficiency

In two issues, appellant contends that the evidence was legally and factually insufficient to demonstrate that the weapon was deadly.  

A.  Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Applicable Law

Penal code section 1.07(a)(17) defines a deadly weapon.
  Tex. Penal Code Ann. 
§ 1.07(a)(17) (Vernon Supp. 2005).  A deadly weapon is defined as “a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury” or “anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.”  
Id.

C.  Analysis

At the trial, Trevino testified that he confronted appellant after Elhassan identified appellant as the man who broke into their house.  Trevino stated that he got out of the SUV and walked towards appellant, who was walking on the sidewalk, and asked, “[M]an, what are you doing in my house?”  Appellant responded that he did not know what Trevino was talking about.

In an effort to keep appellant there until the police arrived, Trevino began walking backwards in front of appellant.  Trevino testified that while the two men were walking down the street, he saw appellant pull out what appeared to be a pocketknife from his back pocket with his right hand and hold it to the side of his body.  At the trial, Trevino testified that he could not tell if the knife was open or closed, but he thought that it was open because he saw the blade. 

Trevino stated that he felt threatened because he was close enough to appellant that appellant could have reached out and touched him.  Further, after appellant told Trevino, “I will stick you,” Trevino moved away from appellant. 

Elhassan testified that after she identified appellant, Trevino got out of the SUV and told appellant that he needed to stay there until the police arrived. While Trevino was walking in front of appellant and talking to him, appellant pulled out an object that Elhassan could not identify and heard him threaten Trevino.  Elhassan testified that she believed that Trevino was in danger.  After the police arrived, Elhassan saw that the item was a closed knife.

Officer Wheeler testified that he was dispatched to a call after receiving a report that someone had broken into a house and the people were following the intruder.  When he arrived at the scene, Officer Wheeler stated that he saw appellant and Trevino walking down the street, and Elhassan was in the SUV yelling, “That’s him, that’s him.” 

Thinking that appellant had just fled the scene from a burglary, Officer Wheeler immediately got out of his patrol car and forced appellant to the ground and handcuffed him.  Officer Wheeler testified that appellant had a closed pocketknife in his hand when he arrested appellant.  Officer Wheeler stated that the pocketknife was capable of causing serious bodily injury.  But Officer Wheeler did not feel that appellant was holding the knife in a threatening manner.

At trial, appellant conceded that he was at Trevino and Elhassan’s house, but testified that he remained on the deck and did not go inside.  Appellant stated that after he heard Elhassan scream, he turned around and ran down the alley. 

Appellant stated that he was concerned when he saw a black SUV cruising up and down the street.  Appellant testified that after the SUV pulled over, Trevino got out, and appellant noticed that Trevino had his hand behind his back and that he was making “threatening moves.”  Appellant stated that he felt threatened by Trevino and that he thought Trevino was a gang member because of the way he was dressed and the way he walked.  Appellant testified that while he was being confronted by Trevino, he put his hands in his pocket and inadvertently pulled out a knife.  Appellant stated that as soon as he realized that he had a knife in his hand, he put the knife back in his pocket.  

Additionally, appellant stated that after Elhassan told Trevino that the police were coming, he saw Trevino shove an object into his pocket and heard the metallic click of a knife closing.
(footnote: 2)  Further, appellant testified that he did not intend to assault Trevino with the pocketknife and he did not tell Trevino that he was “going to stick [him]” with it.  

Appellant contends that the evidence was legally and factually insufficient to demonstrate that the pocketknife was a deadly weapon.  Although a knife is not a deadly weapon per se, the court of criminal appeals has held that an object such as a knife can be a deadly weapon if the actor intends to use the object in a way in which it would be capable of causing death or serious bodily injury.  
McCain v. State
, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000); 
Russell v. State, 
804 S.W.2d 287, 290 (Tex. App.སྭFort Worth 1991, no pet.).   When no actual injury is sustained, the State must present evidence of other factors to establish that a knife is a deadly weapon.  
In re D.L.
, 160 S.W.3d 155, 166 (Tex. App.སྭTyler 2005, no pet.).  The relevant factors include the following: (1) size, shape, and sharpness of the knife; (2) manner of its use or intended use; (3) the nature or existence of inflicted wounds; (4) testimony of the knife’s life-threatening capabilities; (5) the physical proximity between the victim and the knife; and (6) the words spoken by appellant.  
See, e.g., Thomas v. State, 
821 S.W.2d 616, 619-20 (Tex. Crim. App. 1991)
; 
Tisdale v. State
, 686 S.W.2d 110, 115 (Tex. Crim. App. 1985) (op. on reh’g);
 Williams v. State
, 575 S.W.2d 30, 32 (Tex. Crim. App. [Panel Op] 1979); 
Garcia v. State
, 17 S.W.3d 1, 4 (Tex. App.སྭHouston [1st Dist.] 1999, pet. ref’d).  Wounds need not be inflicted before a knife can be determined to be a deadly weapon.  
Brown v. State
, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); 
Rogers v. State
, 877 S.W.2d 498, 500 (Tex. App.སྭFort Worth 1994, pet. ref’d).  No one factor is determinative, and the fact finder must examine each case on all of its facts to determine whether the knife is a deadly weapon.  
See D.L., 
160 S.W.3d at 166; 
Garcia
, 17 S.W.3d at 4.  

Appellant contends that the State has failed to present any evidence on the shape or sharpness of the knife.
(footnote: 3)  Additionally, appellant argues that the evidence fails to show that the intended use and capacity of the knife were to cause serious bodily injury because the knife was closed when Officer Wheeler arrested him.  The State asserts that other evidence in the record is legally and factually sufficient to support the jury’s finding.  We agree.

The record shows that appellant was approximately two to three feet from Trevino and that Trevino could reach out and touch appellant.  Trevino  testified that appellant told him that he was going to “stick him” after appellant removed the knife from his pocket.  Trevino stated that he thought that the knife was open because he saw the blade.  Trevino said that the pocketknife was approximately five to six inches long, while Officer Wheeler testified the pocketknife was two to three inches long.  Additionally, Officer Wheeler testified that the knife was capable of causing serious bodily injury. 

We hold that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that the weapon was deadly; therefore, we overrule appellant’s first issue.  Additionally, when viewed neutrally, the evidence is not so obviously weak or so greatly outweighed by contrary proof that it would not support the finding of guilty beyond a reasonable doubt.  We overrule appellant’s second issue. 

IV.  Conclusion

Having overruled appellant’s two issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
However, at the scene, appellant did not tell Officer Wheeler that Trevino had a knife, and Officer Wheeler did not search Trevino.  Therefore, it is unclear whether Trevino was actually carrying a knife. 

3:
Appellant argues that there was no testimony regarding the knife used by appellant because the knife was not introduced at trial.  However, the State does not have to introduce the knife into evidence to meet its burden of proving the knife was a deadly weapon.  
See 
Morales v. State
, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982); 
Rogers
, 877 S.W.2d at 500.