CHARLIE HANDY V. THE STATE.

No. 20001. Delivered December 7, 1988.
On Motion to Reinstate Appeal February 8, 1939.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

The recognizance recites that appellant has been convicted of an aggravated assault, whereas the conviction was for murder. In view of the fact that appellant is enlarged under a defective recognizance, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

According to appellant's testimony, he was being attacked by deceased and two or three others when he fired the fatal shot. In the charge the court submitted only the right of the appellant to defend himself against an attack upon the part of deceased. Appellant excepted to the charge on the ground that he should have been accorded the right to defend against a joint attack. The state's attorney before this court concedes that the exception was well taken and that error is presented. We are constrained to agree with him.

It is shown in bill of exception No. 10 that appellant was required to testify on cross-examination, over his objection, that he had paid fines for fighting and shooting craps. This testimony ought not to have been received, and, in the state of the record, its receipt constitutes reversible error. Neither the accused nor any other witness can be legally impeached by proof that he has been arrested for, charged with, or convicted of a misdemeanor, unless such misdemeanor involves moral turpitude. Jones v. State, 13 S. W. (2d) 845. The offenses inquired about do not involve moral turpitude. Again, the state's attorney before this court concedes that error is presented.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.