**Roy Charles BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 66109, 66110.**

Court of Criminal Appeals of Texas, En Banc.

June 8, 1983.

Randy Schaffer, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Windi Akins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

These are appeals from convictions of attempted murder (Cause No. 297003) and aggravated assault (Cause No. 297004), and punishment was assessed by the court at

twenty and ten years confinement, respectively, in the Texas Department of Corrections. The appellant contends on appeal that he was denied effective assistance of counsel, that the trial court erred in admitting certain testimony of one of the complainants, that the jury charge was fundamentally defective, and that the trial court had no authority to sentence him because it granted his second motion for new trial.

Although the sufficiency of the evidence is not challenged, a brief recital of the facts is a necessary predicate to a discussion of the ground of error asserted by the appellant that the charge to the jury on self-defense was fundamentally defective. The record shows that on May 2, 1979, the appellant deposited $100 on an apartment for rent in a complex owned by Leonard and Helen Bernard. When the appellant failed to pay the rent as agreed and refused to vacate the apartment as requested, the Bernards attempted to remove his belongings from the apartment and on May 12 Mr. Bernard turned off the electricity. After Mr. Bernard told the appellant what he had done, the appellant walked around the building to the fuse box. Later that day Mr. and Mrs. Bernard found the lock to the fuse box broken.

The Bernards saw the appellant that evening and they began to argue about the electricity. Mrs. Bernard went upstairs to their apartment to call the police and she told her two sons, Jeffry and Gregg what was happening. Jeffry and Gregg went outside and saw Leonard Bernard sitting on top of the appellant, who was pinned to the ground on his back. Leonard was holding the appellant by the hair, and the appellant was squirming around and asking Leonard to let him up. When Leonard got up and walked away, the appellant ran at him and stabbed him with a knife. Mrs. Bernard then struck the appellant. Jeffry came toward the appellant and the appellant turned and stabbed him.

The appellant was indicted for attempted murder of Leonard Bernard in Cause No. 297003 and for attempted murder of Jeffry Bernard in Cause No. 297004. He was found guilty of attempted murder in Cause No. 297003 and of the lesser included offense of aggravated assault in Cause No. 297004.

■ The appellant contends that the trial court's charge was fundamentally defective because it authorized a conviction for aggravated assault in finding that the appellant caused bodily injury to each of the complainants, Leonard Bernard and Jeffry Bernard. In both Cause Nos. 297003 and 297004 the trial court *attempted to charge* the jury on the lesser included offense of aggravated assault. In Cause No. 297003 the jury found the appellant guilty of attempted murder; in Cause No. 297004 the jury found the appellant guilty of aggravated assault. The charges of which appellant now complains stated:

"Now if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Roy Charles Brown, did intentionally or knowingly or recklessly *cause bodily injury*[1] to Leonard E. Bernard and Jeffrey (sic) Bernard by stabbing or cutting them with a knife[2] but you further believe from the evidence or you have a reasonable doubt thereof, that the defendant did not intend to kill the said Leonard E. Bernard and Jeffrey (sic) Bernard, then you will find the defendant guilty of aggravated assualt ...."

■ In *Windham v. State*, 530 S.W.2d 111 (Tex.Cr.App.1975) it was held that reversal was required when the charge to the jury permitted the jury to convict the defendant of aggravated assault under facts that would support only a conviction for simple assault. Accordingly, the trial court's charge herein improperly authorizing a conviction for simple assault in Cause No. 297004 is fundamentally defective. Reversible error is presented in that cause.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. A knife is not a deadly weapon per se. See *Abels v. State*, 489 S.W.2d 910 (Tex.Cr.App. 1973).

The appellant also complains of that portion of the court's charge to the jury on self-defense. Specifically, the appellant argues that the court erred in charging the jury on self-defense because it improperly instructed the jury that it must find that he acted in self-defense against *both* assailants simultaneously before it could acquit him on the ground of self defense.

In its application of the law of self-defense to the facts in both causes the court charged the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that the defendant, did attempt to cause the death of LEONARD E. BERNARD and JEFFRY BERNARD by intentionally stabbing or cutting them with a knife but you further find from the evidence that, viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of ROY CHARLES BROWN it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of LEONARD E. BERNARD and JEFFRY BERNARD and that acting under such apprehension and reasonable belief that the use of deadly force on his part was immediately necessary to protect himself against LEONARD E. BERNARD and JEFFRY BERNARD'S use or attempted use of unlawful deadly force, he stabbed or cut the said LEONARD E. BERNARD and JEFFRY BERNARD and that a reasonable person in defendant's situation would not have retreated, then you should acquit the defendant on the grounds of self-defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the benefit of that doubt to the defendant and acquit him, and say by your verdict not guilty."

■ It has been held that when a defendant testifies that he was attacked by the complainant and other persons, he is entitled to an instruction on the right to defend himself against a joint attack, and it is reversible error to charge only on his right to defend himself against an attack by the complainant. *Handy v. State,* 136 Tex. Cr.R. 208, 126 S.W.2d 30 (Tex.Cr.App.1938). Where there is evidence that more than one person attacked the defendant, the charge is too restrictive if it confines the right of self-defense to the acts of the complainant. *McCuin v. State,* 505 S.W.2d 831 (Tex.Cr. App.1974). Where the evidence that the defendant was in danger of unlawful attack at the hands of more than one assailant, the court should instruct the jury that he had the right to defend himself against *either or both* of them. *McCuin v. State,* supra, at 832.

■ Although the situation in the instant case is the converse of those in *McCuin v. State,* supra, and *Handy v. State,* supra, the court's charge to the jury improperly applied the law of self-defense to the facts in much the same manner and to the same effect. From our study of the record, it appears that the fray initially began as a fight between the appellant and Leonard Bernard. When the fight was joined by Jeffry Bernard, the appellant was fighting both men. The jury should have been instructed in Cause No. 297003 that the appellant had a right to act in self-defense against Leonard Bernard without regard to whether he also was in fear of death or serious bodily injury at the hands of Jeffry Bernard. Likewise, the jury should have been instructed that the appellant had a right to act in self-defense against Jeffry Bernard if he was in fear of death or serious bodily injury at the hands of either Jeffry Bernard or Leonard Bernard.

The court's charge to the jury unduly restricted the jury's assessment of the facts vis a vis the law of self-defense. The court's charge as a whole did not fairly and adequately protect the rights of the appellant. See *Fenwell v. State,* 424 S.W.2d 631 (Tex.Cr.App.1968); *McCuin v. State,* supra, *Wilm v. State,* 140 Tex.Cr.R. 424, 145 S.W.2d 890 (Tex.Cr.App.1940).

The judgments are reversed and the causes remanded.