Opinion issued January 31, 2008








 
 


                                                                                        In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00891-CR
  __________
 
PAUL HWAIKUO LIN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1026042
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Paul Hwaikuo Lin, guilty of murder


 and assessed
punishment at confinement for 15 years and a fine of $10,000. Appellant asserts six
issues on appeal, arguing that: (1) the evidence is factually insufficient to support the
verdict and the jury’s implied finding against his self-defense theory; (2) the jury
instruction on self-defense was fundamentally defective; (3) the trial court erred in
allowing the State to make an improper argument; (4) he was denied the effective
assistance of counsel at the guilt-innocence stage; (5) he was denied the effective
assistance of counsel at the punishment stage; and (6) the evidence is factually
insufficient to support the jury’s answer to the special issue that he did not act under
the immediate influence of sudden passion arising from an adequate cause. We affirm.
Background
          At around midnight, February 12, 2005, Martin Ma, Henry Tran, and Tan Ma
went to a club in downtown Houston. While at the club, Martin saw his friend, Vinh
Tran, who joined them for a short time. Martin testified that, as he, Tan, and Henry
left the club and began walking toward their car, Martin saw Dexter Mercado talking
to someone inside a car. Dexter had confronted Martin at another club a few weeks
earlier. Martin approached and shattered a beer bottle on the side of Dexter’s face. 
A fistfight ensued between Martin and Dexter, and Martin testified that some of his
friends joined the fight. 
          At the time Dexter was attacked by Martin, Tony Nguyen and the appellant
were inside the car. Tony remained inside the car, but appellant retrieved his gun from
the glove compartment and stepped out. As he got out of the car, appellant was hit in
the face. Appellant and Tony testified that appellant was knocked to the ground,
where several guys began kicking him. Henry, however, stated that he fought with a
male who got out of the car, but the person never fell to the ground.
          Several witnesses testified that they then heard gunshots. Appellant testified
that he feared he was in danger of severe bodily injury or death and shot three times
at the person closest to him. Appellant then returned to the car, and he and Tony drove
away. As they drove, appellant stated that he “had to put two in him,” which Tony
understood as meaning appellant had shot someone.
          It was later determined that Vinh had been shot. The medical examiner, Anna
Lopez, M.D., testified that Vinh had three gunshot wounds, one to the right side of the
chest and one to the forearm showing upward bullet trajectory, and one to the left side
of the chest showing downward trajectory. Dr. Lopez stated that Vinh died from the
gunshot wound to the right side of his chest.
          Despite his assertion of self-defense, the jury found appellant guilty of murder. 
At punishment, a special issue was submitted, asking whether appellant caused Vinh’s
death under the immediate influence of sudden passion arising from an adequate
cause. The jury returned a negative answer as to the special issue and assessed
punishment at 15 years confinement and a fine of $10,000. Appellant now appeals.
Factual Sufficiency
          In his first issue, appellant argues that the evidence is factually insufficient to
support the verdict that he committed murder and did not act in self-defense. 
Similarly, in his sixth issue, appellant contends that the evidence is factually
insufficient to support the answer to the special issue that he did not act under the
immediate influence of sudden passion arising from an adequate cause.
Standard of Review
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the proof of guilt is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we also cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict. Id. In our
factual-sufficiency review, we must also discuss the evidence that, according to
appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). Additionally, an appellate court may properly conduct a
factual sufficiency review of the jury’s negative finding on the sudden passion issue
in the punishment stage of trial. Cleveland v. State, 177 S.W.3d 374, 390 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d). 
          The fact-finder alone determines the weight to be given contradictory
testimonial evidence because that determination depends on the fact-finder’s
evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408–09. As the
determiner of the credibility of the witnesses, the fact-finder may choose to believe all,
some, or none of the testimony presented. Id. at 407 n.5. This standard of review
applies to both direct and circumstantial evidence cases. King v. State, 29 S.W.3d 556,
565 (Tex. Crim. App. 2000).
Self-Defense
          A person commits the offense of murder if he intentionally or knowingly causes
the death of an individual or intends to cause serious bodily injury and commits an act
clearly dangerous to human life that causes the death of an individual. Tex. Pen.
Code Ann. § 19.02(b)(1)–(2). However, a person is generally justified in using
deadly force against another if he reasonably believes that deadly force was necessary
to protect himself against the other’s use or attempted use of unlawful deadly force
and a reasonable person in the actor’s situation would not have retreated. Tex. Pen.
Code Ann. §§ 9.31(a), 9.32(a) (Vernon Supp. 2007). A defendant has the burden of
producing some evidence to support a claim of self-defense. Zuliani v. State, 97
S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant produces some
evidence, the State then bears the burden of persuasion to disprove the raised defense. 
Id. The burden of persuasion does not require the State to produce evidence; it
requires only that the State prove its case beyond a reasonable doubt. Id. A
determination of guilt by the fact-finder implies a finding against the defensive theory. 
Id. Thus, to convict a defendant of murder after he has raised the issue of self-defense,
the State is required to prove the elements of the offense beyond a reasonable doubt
and to persuade the jury beyond a reasonable doubt that the defendant did not kill in
self-defense. Id. Self-defense is a fact issue to be determined by the jury, which is
free to accept or reject the defensive issue. Saxton v. State, 804 S.W.2d 910, 913–14
(Tex. Crim. App. 1991).
          We begin by discussing the evidence which appellant contends supports his
claim of self-defense and undermines the jury’s verdict.


 He notes that Martin and
Henry testified that they heard gunshots, but do not know who fired the shots, or
where Vinh was at the time of the shooting. Appellant also points out that Officer
Paulino Zavala testified that he heard three gunshots, but does not know why they
were fired. Appellant asserts that, while these witnesses do not know the
circumstances surrounding the shootings, he and Tony testified that he was knocked
to the ground after leaving the car and surrounded by several men who kicked him. 
Appellant stated that, because he felt he was in danger and had no way of retreat, he
fired three shots at the person closest to him. Additionally, appellant draws our
attention to Dr. Lopez’s testimony that Vinh’s gunshot wounds showing upward
trajectory were consistent with a shooter who was lying on the ground, and the
gunshot wound with downward trajectory could be explained by Vinh leaning
forward.
          In considering this evidence, along with all the evidence, in a neutral light, we
hold that the evidence is factually sufficient to support the jury’s verdict and rejection
of appellant’s theory of self-defense. Martin may not know exactly who fired the gun,
but he testified that he saw the silhouette of someone tall fire the gun and then come
toward him. Henry testified that he fought with a male who got out of the car, but he
did not knock the person to the ground. While Officer Zavala stated that it was three
gunshots that initially got his attention, and he further testified that after he looked in
the direction of the first gunshot, he saw a person standing in a strong-arm position
fire twice, apparently clear the gun after it jammed and then fire another two times
before entering a car and leaving.


 Furthermore, while Dr. Lopez agreed that Vinh’s
gunshot wounds could be consistent with a shooter who had been lying on the ground
and most likely indicated the direction the gun was pointing when fired, she also
testified that she could not definitively state where the shooter was or how the gun was
aimed.
          We conclude that the evidence is neither so weak that it undermines confidence
in the jury’s finding of guilt and implied finding against appellant’s theory of self-defense, nor is appellant’s evidence of such great weight and preponderance that the
State’s burden to prove murder beyond a reasonable doubt was not met. See McClesky
v. State, 224 S.W.3d 405, 411 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).
          Appellant’s first issue is overruled.
Sudden Passion
          Appellant’s sixth issue challenges the factual sufficiency of the evidence
concerning the jury’s negative finding on the special issue of sudden passion during
the punishment phase, which appellant had the burden to prove by a preponderance
of the evidence. Tex. Pen. Code Ann. § 19.02(d).
          At punishment, appellant submitted a special issue to the jury, asking whether
he caused Vinh’s death “under the immediate influence of sudden passion arising from
an adequate cause.” Appellant contends that Martin’s and his friends’ conduct in
attacking Dexter constituted sufficient provocation to meet the definition of “sudden
passion,” regardless of whether Vinh was involved in the attack on Dexter. However, 
Subsection 19.02(a)(2) defines “sudden passion” as “passion directly caused by and
arising out of provocation by the individual killed or another acting with the person
killed which passion arises at the time of the offense and is not solely the result of
former provocation.” Tex. Pen. Code Ann. § 19.02(a)(2) (emphasis added).


 Here,
Dr. Lopez testified that scrapes and lacerations on Vinh’s face could not all be caused
by his falling to the ground and could be consistent with having been in a fight. 
However, there is no evidence that shows that Vinh was involved in the attack on
Dexter. Furthermore, the only evidence that Vinh was involved in the attack on
appellant was appellant’s testimony, which the jury was free to disregard. See
Johnson, 23 S.W.3d at 6–7. We hold that the jury’s negative answer on appellant’s
special issue is not so against the great weight and preponderance of the evidence so
as to be manifestly unjust. See Cleveland, 177 S.W.3d at 390.
          Appellant’s sixth issue is overruled.
Jury Instruction
In his second issue, appellant argues that the jury instruction on self-defense
was fundamentally defective in failing to authorize him to defend himself against
Vinh. 
Standard of Review
          Appellate review of error in a jury charge involves a two-step process. Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, we must determine
whether error occurred. If we find error, we must then evaluate whether sufficient
harm resulted from the error to require reversal. Id. at 731–32.
          Appellant recognizes that, because his trial counsel failed to object to the charge
error, he must show egregious harm to prevail on appeal. Ngo v. State, 175 S.W.3d
738, 743–44 (Tex. Crim. App. 2005). Egregious harm is present whenever a
reviewing court finds that the case for conviction was actually made clearly and
significantly more persuasive by the error. Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991).
Analysis
          The trial court instructed the jury that if, 
from the words or conduct . . . of Martin Phouc Ma and/or Henry Tuan
Tran and/or Tommy Tan Ma and/or other persons with them, it
reasonably appeared to the defendant that his life or person was in danger
and . . . he shot at Martin Phouc Ma and/or Henry Tuan Tran and/or
Tommy Tan Ma and/or other persons with them and hit Vinh Tran, . . .
then you should acquit the defendant on the grounds of self-defense.

Appellant complains that the trial court did not instruct the jury that he had a right to
defend himself against Vinh. Appellant asserts that, because he raised a theory of self-defense against multiple assailants, including Vinh, the trial court erred in failing to
instruct the jury on his right to defend himself against Vinh.
          Appellant directs us to several cases from the Texas Court of Criminal Appeals
which determined that the trial court erred in not properly instructing the jury on self-defense where there is evidence of multiple assailants. See Brown v. State, 651
S.W.2d 782, 784 (Tex. Crim. App. 1983); Horn v. State, 647 S.W.2d 283, 285 (Tex.
Crim. App. 1983); McCuin v. State, 505 S.W.2d 831, 832 (Tex. Crim. App. 1974). 
The underlying rationale of these holdings is that the instruction cannot unduly limit
the jury in deciding the appellant’s right to self-defense where the evidence shows that
he was attacked by multiple assailants. Brown, 651 S.W.2d at 784; Horn, 647 S.W.2d
at 285; McCuin, 505 S.W.2d at 832.
          Here, the instruction did not “unduly limit” the jury, but rather, by including the
phrase “and/or other persons with them,” allowed the jury to find that appellant acted
in self-defense against any other persons acting with Martin, Henry, or Tan, which the
jury could have determined included Vinh. Therefore, the trial court did not err by
failing to instruct the jury that appellant had a right to defend himself against multiple
assailants.
          Appellant also asserts that, regardless of the trial court’s addition of the
inclusive phrase “and/or other persons with them,” by mentioning Martin, Henry, and
Tan, but failing to include Vinh, the trial court improperly commented to the jury that
Vinh was an innocent bystander, instead of one of the assailants. However, even if the
court’s instruction improperly suggested that Vinh was an innocent bystander, we hold
that no egregious harm to appellant resulted.
          In examining the record to determine whether jury-charge error is harmful, the
reviewing court should consider the entirety of the jury charge itself; the evidence,
including the contested issues and weight of the probative evidence; the arguments of
counsel; and any other relevant information revealed by the record of the trial as a
whole. Ngo v. State, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh’g). 
          In reviewing the evidence and jury arguments, it is apparent that whether Vinh
was an assailant or an innocent bystander was a contested issue. Nevertheless, in
examining the charge, the jury was instructed that, if it found that appellant was acting
in self-defense when he shot at Martin, Henry, Tommy, or anyone acting with them,
and resulted in hitting Vinh, it should acquit appellant. Therefore, the jury’s ability
to find that appellant acted in self-defense did not turn on whether Vinh was an
assailant or an innocent bystander. Therefore, in light of our Almanza harm analysis,
we hold that, even if the trial court made an erroneous comment on the weight of the
evidence concerning Vinh’s assailant/bystander status, no egregious error occurred. 
See Almanza, 686 S.W.2d at 171.
          Appellant’s second issue is overruled.
Closing Argument
          In his third issue, appellant complains that the trial court erred in allowing the
State to make an improper jury argument. During closing argument, the State
commented that “anything less than a guilty ensures that your children, your spouses
--” when defense counsel objected that such an argument improperly asked the jury
to put themselves in the victim’s or any victim’s position. The trial court overruled
appellant’s objection, and the State continued:
Your children, your spouses, your business associates, God forbid they’re
ever in a parking lot where a fistfight erupts they are to be the victim, and
excusable victims, of a self-defense claim because that’s what we’ve got.Appellant contends that this argument dissuaded the jurors from weighing his self-defense claim objectively and denied him trial by an impartial jury. The State argues
that, because appellant objected before the State finished the statement, but failed to
object afterward, appellant waived any error. Assuming without deciding that
appellant preserved his complaint, we hold that the State’s complained-of statement
is a proper plea for law enforcement. 
Standard of Review
          It is well established that proper jury argument generally must fall within one
of the following categories: (1) summary of the evidence, (2) reasonable deduction
from the evidence, (3) response to argument of opposing counsel, and (4) plea for law
enforcement. Borjan v. State, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990). To
determine whether a party’s argument falls within one of these categories, we must
consider the argument in light of the record as a whole. Palermo v. State, 992 S.W.2d
691, 696 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). We must consider
counsel’s remarks during final argument in the context in which they appear. Denison
v. State, 651 S.W.2d 754, 761 (Tex. Crim. App. 1983).
          If a jury argument exceeds the bounds of proper argument, the trial court’s
erroneous overruling of a defendant’s objection is not reversible error unless it
affected the appellant’s substantial rights. Tex. R. App. P. 44.2(b); Martinez v. State,
17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). In determining whether the
appellant’s substantial rights were affected, we consider (1) the severity of the
misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative
measures, and (3) the certainty of conviction absent the misconduct. Martinez, 17
S.W.3d at 692–93.
Analysis
          A proper plea for law enforcement may take many forms, one of which is to
argue the relationship between the jury’s verdict and the deterrence of crime in
general. Borjan, 787 S.W.2d at 56. The State may also argue the impact of the jury’s
verdict on the community. Id. The State may not, however, argue that the community
or any particular segment of the community expects or demands either a guilty verdict
or a particular punishment. Id. It is also generally improper for the State to ask
members of the jury to place themselves in the shoes of the victim. Boyington v. State,
738 S.W.2d 704, 709 (Tex. App.—Houston [1st Dist.] 1985, no pet.).
          Here, the State appears to have argued that a finding that appellant acted in self-defense would open the door for anyone involved in a fistfight to start shooting, and
someone close to the jurors could be a victim of similar self-defense. Such a statement
does not ask the jury to put itself in the shoes of the victims, but instead comments on
the relationship between the jury’s verdict and its impact on the community. 
Therefore, we hold that the trial court did not err in allowing the State to make the
complained-of argument.
          Appellant’s third issue is overruled.
Ineffective Assistance of Counsel
          In his fourth and fifth issues, appellant argues that he was denied the effective
assistance of counsel at both the guilt-innocence and punishment stages of his trial. 
Specifically, appellant alleges that his counsel was deficient by: ∙failing to challenge a biased venireman; 

∙        failing to object that the jury instruction on self-defense failed to authorize
appellant to defend himself against an attack by Vinh;

∙        failing to object to the State’s comment during voir dire that a jury instruction
on self-defense does not mean that the court believes self-defense is applicable; 

∙        failing to object to the State’s repeated use of the word “murder” when speaking
about Vinh;

∙        failing to object to the State’s comments that appellant was not justified in using
deadly force against a person hitting or kicking him; and

∙        arguing during the punishment stage that Vinh was an innocent bystander who
did not deserve to be shot.

Standard of Review

          The standard for evaluating ineffective assistance of counsel claims is set forth
in Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see
also Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). To be entitled to a new trial because his trial counsel was ineffective, appellant
must show (1) that counsel’s performance was so deficient that he was not functioning
as acceptable counsel under the Sixth Amendment and (2) that, but for counsel’s error,
the result of the proceedings would have been different. See Strickland, 466 U.S. at
687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93.
          In determining whether the Strickland test has been met, we focus on the totality
of the representation afforded and not on individual, alleged errors. See Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The appellant has the burden
to establish both prongs of the Strickland test by a preponderance of the evidence. See
Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). The appellant must
overcome the presumption that the challenged action might be considered sound trial
strategy under the circumstances. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065;
Gamble, 916 S.W.2d at 93. “[A]ny allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (quoting
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). We will not speculate
to find an attorney ineffective. Gamble, 916 S.W.2d at 93.
          During his motion for new trial hearing, appellant questioned one of his defense
counsel concerning some of his ineffective assistance allegations. He concedes,
however, that several of his allegations were not developed at the hearing.
Nevertheless, appellant contends that we must consider the allegations because the
record demonstrates that counsel’s performance was not based on any reasonable trial
strategy. See Jackson v. State, 877 S.W.2d 768, 771–72 (Tex. Crim. App. 1994). 
Ordinarily, the record on direct appeal will not be sufficient to show that counsel’s
representation was so deficient and so lacking in tactical or strategic decision making
as to overcome the presumption that counsel’s conduct was reasonable and
professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Trial
counsel should be given an opportunity to explain his actions before being denounced
as ineffective. Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). 
However, a motion for new trial claiming ineffective assistance of counsel is not
always required to preserve that claim. See Robinson v. State, 16 S.W.3d 808, 809–10
(Tex. Crim. App. 2000). It is not speculation to hold counsel ineffective if a silent
record clearly indicates that no reasonable attorney could have made such trial
decisions. See Vasquez v. State, 830 S.W.2d 948, 950–51 (Tex. Crim. App. 1992). 
Therefore, in rare cases, the record can be sufficient to prove that counsel’s
performance was deficient, despite the absence of affirmative evidence of counsel’s
reasoning or strategy. See Robinson, 16 S.W.3d at 813 n.7.
Allegations Addressed at the Hearing
          We first address those ineffective assistance allegations which appellant raised
at the motion for new trial hearing. Appellant complains about his trial counsel’s
failure to challenge a biased venireman who served on the jury. Specifically, he
argues that Michael Maywald should have been challenged, because he stated that he
could not consider five years probation for murder.



          At trial, appellant was represented by Allan Cease, who hired Brian Wice, to
help preserve error, and Robert Hirschhorn, as a jury consultant. During the motion
for new trial hearing, appellant questioned Wice, who indicated that Cease was the
lead counsel for appellant and made the decision, along with Hirschhorn, not to
remove Maywald because they thought he would be a good juror at guilt/innocence. 
Additionally, Wice testified that Cease’s decision not to challenge Maywald was a
strategic decision. Because the record expressly shows that a reasonable strategic
decision was made to keep Maywald, we hold defense counsel was not ineffective in
failing to challenge Maywald.
          Appellant also contends that defense counsel was ineffective in failing to object
to the jury instruction on self-defense, which failed to authorize appellant to defend
himself against an attack by Vinh. In appellant’s second issue, we held that any error
stemming for this instruction was not egregious; therefore, appellant cannot satisfy the
second Strickland prong, and trial counsel was not ineffective in failing to object to
the instruction.
Allegations Not Addressed at the Hearing
          We next address appellant’s allegations which were not raised at the motion for
new trial hearing. The first three allegations we address concern defense counsel’s
performance at the guilt-innocence stage. Similar among these allegations is
appellant’s complaint that defense counsel’s failure to object to statements made by
the State allowed the jury to be misled and have a flawed view of appellant’s self-defense claim. We must first determine whether the record proves that defense
counsel’s performance was deficient, despite the absence of affirmative evidence of
their reasoning or strategy. See Robinson, 16 S.W.3d at 813 n.7. If not, then to find
that defense counsel were ineffective would call for speculation, which we will not do.
 See Gamble, 916 S.W.2d at 93.
          We begin by addressing appellant’s allegation that defense counsel was
deficient in failing to object to the State’s comment during voir dire that a jury
instruction on self-defense does not mean that the court believes self-defense is
applicable. Specifically, the State explained to the venire, “The Court has to instruct
the jury on self defense if an issue was raised. Merely because it’s in the charge is not
a comment from the Court or anybody else that they think that’s really applicable, it’s
just that we’re putting all the cards on the table.”
          Appellant directs us to two cases where murder convictions were reversed after
the State commented during jury argument that the inclusion of an instruction on self-defense does not mean that the trial court believes self-defense occurred. See Dunbar
v. State, 551 S.W.2d 382, 383–84 (Tex. Crim. App. 1977); McClory v. State, 510
S.W.2d 932, 934 (Tex. Crim. App. 1974). Appellant asserts that, while these cases
deal with statements made during argument, the same statements made during voir dire
are equally harmful. However, appellant directs us to no caselaw holding that similar
statements are erroneous during voir dire. Therefore, appellant has not overcome the
presumption that counsel’s conduct was reasonable, and we hold that counsel’s failure
to object did not rise to a level such that no reasonable attorney could have made such
a trial decision.
          Appellant also asserts that defense counsel was deficient in failing to object to
the State’s repeated use of the word “murder” when questioning witnesses, because
of the well-settled principle that the State cannot express an opinion on whether the
defendant is guilty. See Boyd v. State, 643 S.W.2d 700, 706 (Tex. Cr. App. 1983).


 
Appellant argues that counsel’s failure to object undermined his testimony that he
acted in self-defense, because failing to object conceded that a crime occurred. 
However, appellant directs us to no caselaw holding that the State’s use of the word
“murder” while questioning a witness during a murder trial was an improper,
objectionable comment on the defendant’s guilt. Assuming without deciding that it
would have been proper for counsel to object to such statements, we hold that defense
counsel’s failure to object does not rise to a level such that no reasonable attorney
could have made such a trial decision.
          Additionally, appellant complains about defense counsel’s failure to object to
the State’s comments during voir dire and jury argument that appellant was not
justified in using deadly force against a person who was hitting or kicking him. 
Appellant complains that the following statements should have been objected to
during voir dire:
∙        The State’s statement that, if someone “slaps me, I have a right to slap him. I
might have a right to kick him because that’s in the same force level. Do I have
a right to pull out a gun and shoot him? No.” 

∙        The State asked if anyone had heard of the phrase “You can’t bring a gun to a
fistfight,” and then stated that, if he were hit, kicked or punched, “I can do all
that stuff in return, but I can’t pull out a handgun, or a machete; or a hydrogen
bomb or anything like that.” 

∙        The State’s statement, “Punching, slapping, kicking, do you have the right to
use deadly force? No.” 

          Appellant also complains of the following statements made by the State during
jury argument:
∙        The State’s statement, “To allow the defendant to walk on a claim of . . . self
defense . . . allows a person in this county to pull out a gun as a way to resolve
a fistfight,” and also stated “you don’t want to give license to people . . .
anywhere a fistfight might reasonably result. Because fistfighting is not deadly
force.”

∙        The State’s statement that, even if Vinh was kicking appellant while he was on
the ground, “this is what we talked about in voir dire: A hit for a hit, a kick for
a kick, a hit for a kick; but not a bullet. Not a bullet.”

∙        The State concluded its closing argument by stating, “I’m asking you to go back
there and do what is right, sign a verdict for guilty and tell this man and
anybody else who tote guns in our counties that firing a weapon is not self
defense for a fistfight. Thank you.”

Appellant asserts that these statements were contrary to the trial court’s charge and,
because it is well-settled that fists and feet are deadly weapons, misled the jury into
believing appellant was not entitled to use deadly force to defend against being hit and
kicked.
          However, hands and feet are not deadly weapons per se, but can be deadly
weapons within the definition of the Penal Code “depending on the evidence shown.” 
Lane v. State, 151 S.W.3d 188, 191 (Tex. Crim. App. 2004) (quoting Turner v. State,
664 S.W.2d 86, 90 (Tex. Crim. App. 1983)). Therefore, in making these statements,
the State was arguably expressing that the evidence does not show that any hit or kicks
received by appellant rose to the level of unlawful deadly force for which appellant
could respond with deadly force. Therefore, we hold that defense counsel’s failure to
object does not rise to a level such that no reasonable attorney could have made such
a trial decision.
          Finally, in his fifth issue, appellant asserts that defense counsel’s performance
was deficient during argument at the punishment stage. Defense counsel Wice argued
that Vinh “was a great kid and he didn’t deserve what happened to him that night. 
Nobody questions that.” He also stated that Vinh was an innocent bystander and that
it had been hard for the defense lawyers “not to walk up to Vinh’s mom and just give
her a hug and say we’re sorry.” Appellant complains that these statements undermined
his testimony from the guilt-innocence stage and contributed to the jury’s negative
answer on his special issue of self-defense.
          Showing compassion for the victim of a crime and the victim’s family can be
a reasonable strategy during punishment. Therefore, we hold that defense counsel’s
argument does not rise to a level such that no reasonable attorney could have made
such a trial decision.
          Because the record does not show that defense counsel acted deficiently in the
situations complained of by appellant, or that, but for the actions, the result of the
proceedings would have been different, we hold that, as to the allegations addressed
at the motion for new trial hearing, appellant failed to meet his burden of proving that
trial counsel’s performance was deficient. See Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064; Gamble, 916 S.W.2d at 93. Furthermore, we decline to address the merits of
appellant’s ineffective assistance allegations not addressed at the hearing, because he
has failed to show on direct appeal that trial counsel’s actions were such that no
reasonable attorney could have made. See Thompson, 9 S.W.3d at 814. 
          Appellant’s fourth and fifth issues are overruled.
 
 
 
 
 
Conclusion
We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, Higley.
Do not publish. Tex. R. App. P. 47.2(b)